**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Dr. Derrick Adams,

Plaintiffs,

v.

Experian Information Solutions, Inc., Equifax Inc., and TransUnion,

Defendants,

IC System, Inc.,

Movant.

Case No. 26-mc-65 (SGE)

**ORDER**

---

This matter is before the Court on Movant IC System, Inc.'s Motion to Quash the subpoena issued by Defendant Experian Information Solutions, Inc. (Dkt. 1), relating to an antitrust class action pending in the Eastern District of California captioned *Adams v. Experian Information Solutions, Inc., et al.*, No. 2:23-cv-1773 (DJC-JDP). Also before the Court is Defendant Experian Information Solutions, Inc.'s Motion to Transfer IC System's Motion to Quash to the Eastern District of California (Dkt. 6). For the reasons set forth below, the Motion to Transfer is granted.[1]

---

[1] The Court scheduled a hearing via Zoom on both motions for October 28, 2026. After reviewing the parties' thorough briefing, the Court finds that a hearing is not necessary and that it is most expedient to rule on the papers.

## BACKGROUND

The underlying putative class action involves claims regarding the reporting of medical debt by credit reporting agencies such as Experian. Plaintiffs allege that the defendant credit reporting agencies have breached the Sherman Act and its California counterpart and engaged in tortious interference with contracts under California and New Jersey law by conspiring to restrain trade and drive health care providers out of certain markets. *See Adams v. Experian Information Solutions, Inc., et al.*, No. 2:23-cv-1773 (DJC-JDP), Dkt. 60. Because the Court finds that transfer is warranted, it will not further address the claims involved in the California case, nor will it detail the arguments raised by the parties with respect to the Motion to Quash.

On July 15, 2026, Experian served non-party IC Systems, a Minnesota debt collection agency, with a subpoena for the production of documents for use in the class certification stage of the California action. (*See* Dkt. 1-1.) On September 22, 2026, IC Systems filed a Motion to Quash in this Court. (Dkt. 1.) Experian opposes the Motion and filed a Motion to Transfer to California under Federal Rule of Civil Procedure 45(f). (Dkts. 4, 6.)

## ANALYSIS

Federal Rule of Civil Procedure 45 governs third-party subpoenas and related disputes. Although a Rule 45 subpoena is issued by the court in which the action is pending, the authority to resolve disputes regarding the subpoena lies with the court where compliance is required - here, Minnesota. Fed. R. Civ. P. 45(d)(2)(B)(i). The compliance court, however, "may transfer a motion under [Rule 45] to the issuing court if the person

subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Because IC Systems does not consent to transfer, Experian bears the burden of demonstrating that exceptional circumstances warrant transfer. *Int'l Controls & Measurements Corp. v. Honeywell Int'l, Inc.*, No. 18-mc-59 (DSD/KMM), 2018 WL 5994189, at *2 (D. Minn. Nov. 15, 2018).

In evaluating whether exceptional circumstances exist, the court considers the following: (1) whether the underlying litigation will be disrupted if the subpoena dispute is not transferred; (2) whether the nonparty subpoena recipient will suffer undue burden or cost if the subpoena dispute is transferred; and (3) whether, based on various considerations, the issuing court is in the best position to rule on the motion to quash. *In re Syngenta AG MIR162 Corn Litig. v. Syngenta AG*, No. 20-mc-64 (ECT/ECW), 2020 WL 5988498, at *4 (D. Minn. Oct. 9, 2020) (quoting *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d 372, 376 (D.D.C. 2017)). The Court finds that all of the factors largely weigh in favor of transfer.

First, the California court is unquestionably in the best position to rule on the Motion to Quash. The underlying case has been pending before that court for three years, and the court has put in place a detailed discovery plan and is far more familiar with the intricacies of that complex matter than this Court. *See Leon v. No. Nat'l Gas Co.*, No. 21-mc-42 (WMW/ECW), 2021 WL 4452874, at *4 (D. Minn. Sept. 29, 2021) ("Where the [issuing court] has . . . determine[ed] the scope of and need for the 'preliminary discovery' required for a conditional certification motion, it simply does not make sense for this Court to try to determine if the remaining requests in the subpoena fall within the scope of that preliminary

discovery. It is the [issuing court] that entered the Preliminary Discovery Control Plan that provides for Plaintiff's subpoenas . . . and is in the best position to make that determination."); *see also, e.g.*, *Adams v. Experian Information Solutions, Inc., et al.*, No. 2:23-cv-1773 (DJC-JDP), Dkts. 88, 116 (setting forth timelines for the "initial phase" of discovery relating to class certification).

Additionally, two other motions relating to very similar subpoenas are pending before the California court after being transferred from the receiving courts.[2] *See Experian Info. Sols., Inc. v. Transworld Sys., Inc.*, 1:26-mc-00430-JAV (S.D.N.Y. Sept. 14, 2026), Dkt. 12; *Equifax, Inc. v. Nationwide Credit Corporation*, 1:26-mc-00124 (D.D.C. Sept. 15, 2026). In these circumstances, transferring the Motion to Quash to the issuing court will conserve judicial and litigant resources. *See In re Banc of California Sec. Litig.*, No. 18-MC-0076 (WMW/KMM), 2018 WL 6566778, at *2 (D. Minn. Dec. 13, 2018), *Report and Recommendation adopted*, 2019 WL 486243 (D. Minn. Feb. 7, 2019) (transferring motion to compel where another similar motion was transferred to the issuing court).

Further, because the California court is already presented with very similar issues, keeping the motion here would risk inconsistent rulings. Transfer, on the other hand, would "avoid piecemeal rulings by different judges, reaching different conclusions, in resolving identical disputes" in the same case. *In re Syngenta AG MIR162 Corn Litig.*, 2020 WL 5988498, at *4.

---

[2] In those cases, the parties agreed to have the motions transferred to the California court. Although not the case here, this distinction does not require a different result. Because of the near identical issues, this subpoena should share the same fate as the two subpoenas transferred to California.

Second, the Court is unpersuaded that IC Systems will suffer undue burden or cost if required to proceed in California. It appears to be undisputed that counsel for IC Systems would be able to appear before the California court remotely, as both parties planned to do here, which would minimize its burden in moving to quash.[3] *See* Dkt. 25, at 6-7 (citing presiding court's case management procedures allowing remote appearances in discovery matters). Further, having the motion heard in California rather than here does not increase IC System's burden of complying with the subpoena should it be ordered to do so.

Third, although the Court is not convinced that keeping the case here would disrupt the California case schedule given that class certification discovery will be ongoing for several more months, *see Adams v. Experian Information Solutions, Inc., et al.*, No. 2:23-cv-1773 (DJC-JDP), Dkts. 88, 124, this factor does not outweigh the considerations already discussed. Under these circumstances, the Court concludes that exceptional circumstances warrant transfer.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Motion to Transfer (Dkt 6.) is **GRANTED**;

2. Pursuant to Federal Rule of Civil Procedure 45(f), the pending Motion to Quash Subpoena for the Production of Business Records (Dkt. 1) is transferred to the United States District Court for the Eastern District of California, in the action captioned

[3] IC Systems also appears to have California counsel engaged in this matter, which should enable it to readily engage with the issuing court. (*See* Dkt.)

*Dr. Derrick Adams et al. v. Experian Information Solutions, Inc. et al*., Civil Action No. 2:23-cv-01773 (DJC-JDP); and

3. The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of California and to close this matter once that transfer is completed.

October 26, 2026

*s/Shannon G. Elkins*
SHANNON G. ELKINS
United States Magistrate Judge